Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210007605
Transaction ID: 0013898284
Filing Date: 07/23/2021 01:56:28 PM CDT

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| RAYMOND MARRERO,<br><br>Plaintiff<br><br>vs.<br><br>MENARD, INC.,<br><br>Defendant. | CASE NO.: CI 21 - _____<br><br><br>**COMPLAINT** |

COMES NOW Plaintiff, Raymond Marrero, by and through  counsel of record Frank Younes, of the firm High & Younes, and for  Complaint against Defendant, Menard, Inc., states and alleges, as follows:

## I.    PARTIES

1. Plaintiff is an individual who at all times relevant herein resided in Omaha, Douglas County, Nebraska.

2. Defendant is a Wisconsin Corporation registered with the Nebraska Secretary of State as a foreign Corporation and authorized to conduct business in the state of Nebraska, with a home improvement retail store located at 7337 L Street, Omaha, Nebraska where it conducts business (hereinafter "store").

## II.    VENUE

3. Plaintiff hereby incorporates paragraphs 1 through 2 of this complaint as if fully restated herein.

4. The incidents described in this Complaint took place on August 20, 2017 in its store located in Omaha, Douglas County, Nebraska.



EXHIBIT

A

5.  Venue is appropriate pursuant to Neb. Rev. Stat. § 25-403.01 as Douglas County is where the cause of action arose, where Plaintiff resides, and where Defendant operates its store.

### III.    FACTS

6.  Plaintiff hereby incorporates paragraphs 1 through 5 of this complaint as if fully restated herein.

7.  Defendant operates its store in Omaha, Douglas County, Nebraska.

8.  At Defendant's store its sells home improvement items including kitchen appliances, amongst many other things.

9.  On August 20, 2017 Defendant is the owner of the premises of its store.

10. On August 20, 2017 Defendant is the occupier of the premises of it store.

11. On August 20, 2017 Defendant had possession of its store.

12. On August 20, 2017 Defendant had control of its store.

13. On August 20, 2017 Plaintiff was a customer in Defendant's store.

14. On August 20, 2017 Plaintiff was a lawful entrant at Defendant's store.

15. On August 20, 2017 Plaintiff was spoke with a representative or employee of Defendant while at Defendant's store.

16. On August 20, 2017 Plaintiff appeared at the store to pick up a Stove and Refrigerator he had purchased from the store.

17. On August 20, 2017 Plaintiff was directed to and went to the Order Pick-up area at the store to pick up the Stove and Refrigerator.

18. On August 20, 2017 a representative or employee of Defendant used a forklift to load the Stove and Refrigerator into the back of Plaintiff's truck.

2

19. Defendant's employee's store communication device went off while he was operating the forklift and the employee answered the device and began talking on it while operating the forklift.

20. Defendant's employee operating the forklift was not paying attention while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

21. Defendant's employee operating the forklift failed to keep a look out while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

22. Defendant's employee operating the forklift failed to act reasonably while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

23. Defendant's employee operating the forklift operated the forklift in compliance with OSHA/CCOHS standards and regulations while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

24. Defendant's employee operating the forklift violated 29 CFR 1910 and other applicable rules and regulations while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

25. Defendant did not design, maintain and operate its Order Pick-Up area in accordance with 29 CFR 1910 and other applicable standards are regulations.

26. Defendant failed to appropriately train its employee who was operating the forklift as is required by 29 CFR1910 and other applicable rules and regulations.

3

27. Plaintiff suffered injury when he was impacted and pinned by the forklift.

28. Plaintiff suffered injury to his hips as a result of the impact and being pinned by the forklift.

29. Plaintiff suffered injury to his right shoulder as a result of the impact and being pinned by the forklift.

30. Plaintiff suffered injury to his ribs as a result of the impact and being pinned by the forklift.

31. Plaintiff suffered injury to his torso as a result of the impact and being pinned by the forklift.

32. Plaintiff suffered injury to his back as a result of the impact and being pinned by the forklift.

33. Plaintiff suffered injury to his pancreas as a result of the impact and being pinned by the forklift.

34. Plaintiff suffered mental and psychological injuries including Post-Traumatic Stress Disorder as a result of the impact and being pinned by the forklift.

35. Plaintiff suffered pain and suffering as a result of his injuries from the impact and pinning by the forklift.

36. Plaintiff's injuries required medical treatment.

37. Plaintiff's injury is permanent in nature.

38. Plaintiff's injury resulted in disfigurement to his body.

39. Plaintiff incurred medical expenses as a result of his injury.

40. Plaintiff suffered pain and suffering as a result of his injury.

4

41. Plaintiff's prior medical conditions including diabetes have been exacerbated and aggravated by this injury due to his inability to control it and function as he could before his injuries from being impacted and pinned by the forklift.

42. Plaintiff is unable to work and earn income as a result of his injuries from being impacted and pinned by the forklift.

43. Defendant is liable for the actions of its employees and agents under the theory of respondent superior.

## IV.    CAUSE OF ACTION – NEGLIGENCE

44. Plaintiff hereby incorporates paragraphs 1 through 43 of this complaint as if fully restated herein.

45. Defendant and its employees were negligent.

46. Defendant and its employees owed Plaintiff a duty.

47. Defendant and its employees owed Plaintiff a duty to act with reasonable care.

48. Defendant and its employees failed to use reasonable care.

49. Defendant and its employees breach its duty to Plaintiff.

50. Defendant and its employees proximately caused of Plaintiff's damage.

51. The Plaintiff suffered physical, monetary, and emotional damage.

## V.    DAMAGES

53. Plaintiff hereby incorporates paragraphs 1 through 51 of this Complaint as if fully restated.

54. As a result of the above Plaintiff has incurred medical expenses which continue to accrue and the value of reasonable and necessary medical treatment, prescriptions, and supplies.

55. As a result of the above Plaintiff has incurred lost wages which continue to accrue.

56. As a result of the above Plaintiff has incurred medical mileage to seek medical treatment.

5

57. As a result of the above Plaintiff has incurred a permanent disability and impairment.

58. As a result of the above Plaintiff has incurred a loss of future earning capacity.

59. As a result of the above Plaintiff has suffered mental and physical pain and suffering.

60. As such, Plaintiff seeks to recover damages against Defendant in an amount to be proven at trial in excess of $1,000,000.00.

61. Plaintiff also seeks to recover the costs associated with the case, prejudgment interest, and attorney's fees.

### VI.   **JURY DEMAND**

62. Plaintiff demands a trial by jury.

**WHEREFORE,** the Plaintiff prays that this Court enter a judgment in favor of Plaintiff in an amount in excess of $1,000,000.00 to be proven at trial, plus attorney's fees, court costs, pre and post judgment interest, and for such other and further damages as may be just and equitable in this matter.

RAYMOND MARRERO, Plaintiff.

BY:_____
Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345 Telephone
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*

6

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| RAYMOND (RAMON) MARRERO, | |
| Plaintiff | CASE NO.: CI 21 - _____ |
| vs. | |
| MENARD, INC. | **PRAECIPE** |
| Defendant. | |

TO THE CLERK OF THE DISTRICT COURT

Please issue summons for services of the Complaint in this matter. Said service is to be completed personally upon the Defendant Menards at the following address:

MENARD, INC.

Reg. Ag. The Prentice Hall Corporation System, Inc.

Suite 1900

233 South 13th St.

Lincoln, NE 68508

Said summons is to be served by personal service via Certified Mail

RAYMOND     (RAMON)     MARRERO,

Plaintiff.

BY:_____
Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*



**null / ALL**
**Transmittal Number: 23554325**
**Date Processed: 07/29/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ashley Aubart<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Andrew Akey<br>Meghan Olson |

| | |
|---|---|
| **Entity:** | Menard, Inc.<br>Entity ID Number  0033810 |
| **Entity Served:** | Menard, Inc |
| **Title of Action:** | Raymond Marrero vs. Menard, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Douglas County District Court, NE |
| **Case/Reference No:** | CI217605 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 07/29/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Francis E Younes<br>402-933-3345 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Image ID:
D00744488D01

**SUMMONS**

Doc. No.   744488

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Raymond Marrero v. Menard, Inc

Case ID: CI 21   7605

TO:  Menard, Inc

You have been sued by the following plaintiff(s):

    Raymond Marrero

Plaintiff's Attorney:    Francis E Younes
Address:                 6919 Dodge Street
                         Omaha, NE 68132

Telephone:               (402) 933-3345

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JULY 23, 2021       BY THE COURT:    John M. Friend
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Menard, Inc
        233 South 13th St
        Suite 1900
        Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210007605
Transaction ID: 0013898284
Filing Date: 07/23/2021 01:56:28 PM CDT

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| RAYMOND MARRERO, | CASE NO.: CI 21 - _____ |
| Plaintiff | |
| vs. | **COMPLAINT** |
| MENARD, INC., | |
| Defendant. | |

COMES NOW Plaintiff, Raymond Marrero, by and through  counsel of record Frank Younes, of the firm High & Younes, and for  Complaint against Defendant, Menard, Inc., states and alleges, as follows:

## I.    PARTIES

1. Plaintiff is an individual who at all times relevant herein resided in Omaha, Douglas County, Nebraska.

2. Defendant is a Wisconsin Corporation registered with the Nebraska Secretary of State as a foreign Corporation and authorized to conduct business in the state of Nebraska, with a home improvement retail store located at 7337 L Street, Omaha, Nebraska where it conducts business (hereinafter "store").

## II.    VENUE

3. Plaintiff hereby incorporates paragraphs 1 through 2 of this complaint as if fully restated herein.

4. The incidents described in this Complaint took place on August 20, 2017 in its store located in Omaha, Douglas County, Nebraska.

1

5. Venue is appropriate pursuant to Neb. Rev. Stat. § 25-403.01 as Douglas County is where
   the cause of action arose, where Plaintiff resides, and where Defendant operates its store.

### III.   FACTS

6. Plaintiff hereby incorporates paragraphs 1 through 5 of this complaint as if fully restated
   herein.

7. Defendant operates its store in Omaha, Douglas County, Nebraska.

8. At Defendant's store its sells home improvement items including kitchen appliances,
   amongst many other things.

9. On August 20, 2017 Defendant is the owner of the premises of its store.

10. On August 20, 2017 Defendant is the occupier of the premises of it store.

11. On August 20, 2017 Defendant had possession of its store.

12. On August 20, 2017 Defendant had control of its store.

13. On August 20, 2017 Plaintiff was a customer in Defendant's store.

14. On August 20, 2017 Plaintiff was a lawful entrant at Defendant's store.

15. On August 20, 2017 Plaintiff was spoke with a representative or employee of Defendant
    while at Defendant's store.

16. On August 20, 2017 Plaintiff appeared at the store to pick up a Stove and Refrigerator he
    had purchased from the store.

17. On August 20, 2017 Plaintiff was directed to and went to the Order Pick-up area at the
    store to pick up the Stove and Refrigerator.

18. On August 20, 2017 a representative or employee of Defendant used a forklift to load the
    Stove and Refrigerator into the back of Plaintiff's truck.

2

19. Defendant's employee's store communication device went off while he was operating the forklift and the employee answered the device and began talking on it while operating the forklift.

20. Defendant's employee operating the forklift was not paying attention while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

21. Defendant's employee operating the forklift failed to keep a look out while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

22. Defendant's employee operating the forklift failed to act reasonably while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

23. Defendant's employee operating the forklift operated the forklift in compliance with OSHA/CCOHS standards and regulations while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

24. Defendant's employee operating the forklift violated 29 CFR 1910 and other applicable rules and regulations while operating the forklift and speaking on the device and collided with Plaintiff pinning Plaintiff between the forklift and Plaintiff's vehicle.

25. Defendant did not design, maintain and operate its Order Pick-Up area in accordance with 29 CFR 1910 and other applicable standards are regulations.

26. Defendant failed to appropriately train its employee who was operating the forklift as is required by 29 CFR1910 and other applicable rules and regulations.

3

27. Plaintiff suffered injury when he was impacted and pinned by the forklift.

28. Plaintiff suffered injury to his hips as a result of the impact and being pinned by the forklift.

29. Plaintiff suffered injury to his right shoulder as a result of the impact and being pinned by the forklift.

30. Plaintiff suffered injury to his ribs as a result of the impact and being pinned by the forklift.

31. Plaintiff suffered injury to his torso as a result of the impact and being pinned by the forklift.

32. Plaintiff suffered injury to his back as a result of the impact and being pinned by the forklift.

33. Plaintiff suffered injury to his pancreas as a result of the impact and being pinned by the forklift.

34. Plaintiff suffered mental and psychological injuries including Post-Traumatic Stress Disorder as a result of the impact and being pinned by the forklift.

35. Plaintiff suffered pain and suffering as a result of his injuries from the impact and pinning by the forklift.

36. Plaintiff's injuries required medical treatment.

37. Plaintiff's injury is permanent in nature.

38. Plaintiff's injury resulted in disfigurement to his body.

39. Plaintiff incurred medical expenses as a result of his injury.

40. Plaintiff suffered pain and suffering as a result of his injury.

4

41. Plaintiff's prior medical conditions including diabetes have been exacerbated and aggravated by this injury due to his inability to control it and function as he could before his injuries from being impacted and pinned by the forklift.

42. Plaintiff is unable to work and earn income as a result of his injuries from being impacted and pinned by the forklift.

43. Defendant is liable for the actions of its employees and agents under the theory of respondent superior.

## IV.   CAUSE OF ACTION – NEGLIGENCE

44. Plaintiff hereby incorporates paragraphs 1 through 43 of this complaint as if fully restated herein.

45. Defendant and its employees were negligent.

46. Defendant and its employees owed Plaintiff a duty.

47. Defendant and its employees owed Plaintiff a duty to act with reasonable care.

48. Defendant and its employees failed to use reasonable care.

49. Defendant and its employees breach its duty to Plaintiff.

50. Defendant and its employees proximately caused of Plaintiff's damage.

51. The Plaintiff suffered physical, monetary, and emotional damage.

## V.   DAMAGES

53. Plaintiff hereby incorporates paragraphs 1 through 51 of this Complaint as if fully restated.

54. As a result of the above Plaintiff has incurred medical expenses which continue to accrue and the value of reasonable and necessary medical treatment, prescriptions, and supplies.

55. As a result of the above Plaintiff has incurred lost wages which continue to accrue.

56. As a result of the above Plaintiff has incurred medical mileage to seek medical treatment.

5

57. As a result of the above Plaintiff has incurred a permanent disability and impairment.

58. As a result of the above Plaintiff has incurred a loss of future earning capacity.

59. As a result of the above Plaintiff has suffered mental and physical pain and suffering.

60. As such, Plaintiff seeks to recover damages against Defendant in an amount to be proven at trial in excess of $1,000,000.00.

61. Plaintiff also seeks to recover the costs associated with the case, prejudgment interest, and attorney's fees.

## VI.   JURY DEMAND

62. Plaintiff demands a trial by jury.

**WHEREFORE,** the Plaintiff prays that this Court enter a judgment in favor of Plaintiff in an amount in excess of $1,000,000.00 to be proven at trial, plus attorney's fees, court costs, pre and post judgment interest, and for such other and further damages as may be just and equitable in this matter.

RAYMOND MARRERO, Plaintiff.

BY:_____

Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345 Telephone
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*

6

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| RAYMOND (RAMON) MARRERO, | |
| Plaintiff | CASE NO.: CI 21 - _____ |
| vs. | |
| MENARD, INC. | **PRAECIPE** |
| Defendant. | |

TO THE CLERK OF THE DISTRICT COURT

Please issue summons for services of the Complaint in this matter. Said service is to be completed personally upon the Defendant Menards at the following address:

MENARD, INC.

Reg. Ag. The Prentice Hall Corporation System, Inc.

Suite 1900

233 South 13th St.

Lincoln, NE 68508

Said summons is to be served by personal service via Certified Mail

RAYMOND    (RAMON)    MARRERO,

Plaintiff.

BY:_____

Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*





FIRST-CLASS

US POSTAGE
$ 004.51⁰
02 7H
0001297738   JUL 26 2021
MAILED FROM ZIP CODE 68132

CERTIFIED MAIL

7021 0950 0001 5158 0053



HY  HIGH & YOUNES LLC
ATTORNEYS AT LAW

6919 Dodge Street,
Omaha, Nebraska 68132

TO:

Menard, Inc
233 South 13th St
Suite 1900
Lincoln, NE 68508

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210007605
Transaction ID: 0014018000
Filing Date: 08/10/2021 12:58:39 PM CDT

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha            NE 68183

To:
Case ID: CI 21    7605 Raymond Marrero v. Menard, Inc

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Menard, Inc.
233 South 13th St
Suite 1900
Lincoln, NE 68508

9590 9402 6848 1060 6248 49

2. Article Number (Transfer from service label)
7021 0950 0001 5158 0053

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature X Anthony M Rager ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes / ☐ No

JUL 29 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Menard, Inc

At the following address: 233 South 13th St
Suite 1900
Lincoln, NE 68508

on the 26 day of July 2021, as required by Nebraska state law.

Postage $ 4.51   Attorney for: Plaintiff, Raymond Marrero

The return receipt for mailing to the party was signed on July 29, 2021.

To: Menard, Inc
233 South 13th St
Suite 1900
Lincoln, NE 68508

From: Francis E Younes
6919 Dodge Street
Omaha, NE 68132

ATTACH RETURN RECEIPT & RETURN TO COURT
Page 18 of 19

# Certificate of Service

I hereby certify that on Tuesday, August 10, 2021 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Menard, Inc service method: Certified Mail

Signature: /s/ Francis E Younes (Bar Number: 24779)